IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01652-BNB

MIKEAL GLENN STINE,

    Plaintiff,

v.

HARLEY LAPPIN,
FEDERAL BUREAU OF PRISONS, and
BLAKE DAVIS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2010

GREGORY C. LANGHAM
CLERK

## ORDER

At issue in this case is the " 'Motion/Objections for Transfer to' U.S. District of Colorado of Cases" that Plaintiff Mikeal Glenn Stine, a *pro se* prisoner litigant, filed with this Court on July 16, 2010. Mr. Stine is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. In the Motion/Objections for Transfer, Mr. Stine requests that the instant action, which was initiated by this Court in response to a transfer of a case from the United States District Court for the District of Columbia (District of Columbia), and another case, which apparently is pending a transfer from the District of Columbia to this Court, be transferred back to the District of Columbia.

Under 28 U.S.C. § 1404 a transfer of a case to a different federal court is within the sound judicial discretion of a trial judge. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). An action may be

transferred under § 1404(a) at any time during the pendency of a case and even after judgment has been entered. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citing 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3844 at 334-35 (1986)). Nothing in Mr. Stine's request, however, justifies a transfer of this case under § 1404.

First, *Stine v. Lappin, et al.*, No. 10-mc-00228-PLF (D. D.C. Mar. 31, 2010), was a miscellaneous case in which the District of Columbia reviewed a petition for a writ of mandamus and a request to proceed pursuant to 28 U.S.C. § 1915 filed by Mr. Stine. Upon review of the petition and the § 1915 request, the District of Columbia found that Mr. Stine was subjected to 28 U.S.C. § 1915(g) restrictions and did not state that he was under imminent danger of serious physical injury. *See* No. 10-mc-00228-PLF at Docket No. 1. The District of Columbia, therefore, denied his request to proceed *in forma pauperis* pursuant to § 1915(g) in Case No. 10-mc-00228. *Id.* The emergency TRO/PI motion that Mr. Stine filed in Case No. 10-mc-00228, on June 16, 2010, and which the District of Columbia immediately ordered transferred to this Court, was not filed in a pending civil action and did not raise the same issues that Mr. Stine raised in the original mandamus petition in the miscellaneous action. Even if the Court found that the emergency TRO/PI motion should be transferred back to the District of Columbia, a civil action does not exist on the District of Columbia's Docket to which the motion could be transferred.

Second, the other case that Mr. Stine filed in the District of Columbia and requests that this Court transfer back to the District of Columbia has not yet been transferred to this Court. *See Stine v. U.S. Bureau of Prisons*, No. 10-cv-01103-UNA

2

(D. D.C. Filed June 30, 2010). Case No. 10-cv-01103-UNA is pending transfer and consideration of a motion for reconsideration of the transfer filed by Mr. Stine.

Furthermore, Mr. Stine's request to return both of the cases to the District of Columbia is moot. On July 15, 2010, he submitted a Prisoner Complaint to this Court, which the Court has filed in this action. In the Complaint, he asserts the same claims that he raised in the TRO/PI motion, which he filed in Case No. 10-mc-00228-PLF and that he raised in the complaint and TRO/PI motion, which he filed in Case No. 10-cv-01103-UNA. The Court finds no basis for transferring this case back to the District of Columbia.

Mr. Stine is reminded that he remains subject to filing restrictions pursuant to 28 U.S.C. § 1915(g) and to *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM at Doc. Nos. 344 and 350 (D. Colo. Sept. 1, 2009) (unpublished). Accordingly, it is

ORDERED that Mr. Stine's request for a transfer of this case back to the District of Columbia (Docket No. 9) is denied.

DATED at Denver, Colorado, this __22nd__ day of __July__, 2010.

BY THE COURT:

_[signature]_
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01652-BNB

Mikeal Glenn Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/23/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk