FILED
United States Court of Appeals
Tenth Circuit

July 26, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: MIKEAL GLENN STINE,

    Petitioner.

No. 10-1306
(D.C. No. 1:10-CV-01652-BNB)
(D. Colo.)

---

**ORDER**

---

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Mikeal Glenn Stine, a pro se prisoner, filed an Emergency Petition for Writ of Mandamus, asking this court to direct the district court to issue an injunction against his transfer by the Bureau of Prisons to a particular prison unit and to order the district court to "immediately address" his claims by holding an evidentiary hearing. Mr. Stine alleges that his transfer to the other prison unit is imminent. He claims the transfer will put his life in jeopardy because members of a gang who have previously threatened his life are housed in that unit.

Mandamus is a drastic remedy "to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). "For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of respondent to do the action in question, and no other adequate remedy available. Petitioner must also show that

his right to the writ is clear and indisputable." *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (citation and quotation omitted).

Mr. Stine has not established that his right to mandamus relief is clear and indisputable. He fails to show that the district court has a plainly defined and peremptory duty to do the actions in question. While the district court has not yet ruled on his motion seeking an injunction against his transfer to a different prison unit, it has not "persistently and without reason refuse[d] to adjudicate a case properly before it." *State Farm Mut. Auto Ins. Co. v. Scholes*, 601 F.2d 1151, 1154 (10th Cir. 1979) (quotations omitted).

Mr. Stine's request to proceed before this court without prepayment of costs and fees is GRANTED. His petition for writ of mandamus is DENIED.

                                            Entered for the Court,

                                            ELISABETH A. SHUMAKER, Clerk