IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01652-BNB

MIKEAL GLENN STINE,

    Plaintiff,

v.

HARLEY LAPPIN,
FEDERAL BUREAU OF PRISONS,
BLAKE DAVIS,
MICHAEL K. NAILEY, and
MR. GEORGE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -4 2010

GREGORY C. LANGHAM
                CLERK

## ORDER

Plaintiff, Mikeal Glenn Stine, a *pro se* prisoner litigant, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at ADX Florence. Originally, Mr. Stine filed a petition for a writ of mandamus in the United States District Court for the District of Columbia (District of Columbia). The District of Columbia opened a miscellaneous case for the purpose of reviewing Mr. Stine's request to proceed pursuant to 28 U.S.C. § 1915 and subsequently denied his request to proceed pursuant to § 1915 because he is subject to filing restrictions under 28 U.S.C. § 1915(g) and he failed to assert he was in imminent danger of serious physical injury in the mandamus petition. Mr. Stine then filed a motion for injunctive relief in the miscellaneous case that was unrelated to the mandamus petition. He did not include a separate complaint and an *in forma pauperis* motion or in the alternative payment of the $350.00 filing fee. Due to the alleged urgency of Mr. Stine's motion for injunction,

however, the District of Columbia ordered the motion transferred to this Court. The Court further notes that on July 29, 2010, the District of Columbia transferred a separate case to this Court in which Mr. Stine raises the same claims. *See Stine v. Fed. Bureau of Prisons*, No. 10-cv-01803-BNB (D. Colo. Filed July 29, 2010).

On July 16, 2010, Magistrate Judge Boyd N. Boland entered an Order to Cure Deficiency in this case instructing Mr. Stine to file his claims on a Court-approved form used in filing prisoner complaints and to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Simultaneously, Mr. Stine filed a Prisoner Complaint, a Verified Emergency Motion for TRO/Preliminary Injunction, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Subsequently, Mr. Stine filed an Amended Prisoner Complaint on July 29, 2010 and an Amended Verified Emergency Motion for TRO/Preliminary Injunction on August 2, 2010.

Mr. Stine is subject to detailed filing restrictions under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM at Doc. 344 (D. Colo. Sept. 1, 2009). Mr. Stine is aware of the filing restrictions but has failed to comply with the restrictions in submitting his Complaint in this action. Mr. Stine was aware of this restriction well before he was transferred to the "Z" Unit and knew that he would be subject to a transfer to the "Z" Unit as early as June 8, 2010, when he signed and dated the motion for emergency TRO/preliminary injunction that he filed in the District of Columbia. Mr. Stine had sufficient time to compile all the necessary information that is required for him to file a complaint in this Court prior to his transfer to the "Z" Unit. Nonetheless, Mr. Stine elected to "forum shop" and raise his claims not only in the District of Columbia in two

2

separate actions, *see Stine v. United States Fed. Bureau of Prisons*, No. 10-cv-01103-UNA (D. D.C. June 20, 2010), and *Stine v. Lappin, et al.*, No. 10-mc-00228-PLF (D. D.C. June 16, 2010), but also in the United States District Court for the District of Kansas, *see Stine v. George, et al.*, No. 10-3151-SAC (D. Kan. July 22, 2010), so that he may circumvent the filing restrictions that he is subject to in this Court. Mr. Stine continues to abuse the judicial process as has been documented with exceptional specificity in Case No. 07-cv-01839-WYD-KLM at Document No. 344.

Nonetheless, the Court has a continuing concern for the safety of prisoners housed within the jurisdiction of this Court. The Court, therefore, will seek a statement from the Warden at the prison facility, Defendant Blake Davis, where Mr. Stine currently is housed, addressing the current provisions being made to assure Mr. Stine is not in immediate danger of serious physical harm by AB members who seek to harm him either while he is in his cell, at recreation, or being transported. Mr. Davis or an appropriate prison staff member will be directed to submit a statement in this action within ten days of the date of this Order. No reply to the statement or other motions or pleadings will be allowed by Mr. Stine in this action. Accordingly, it is

ORDERED that the Clerk of the Court initiate service of process on Defendant Blake Davis in this case for the limited purpose of seeking a statement by Mr. Davis as set forth above. It is

FURTHER ORDERED that Mr. Davis or an appropriate prison staff member is instructed to provide a statement to the Court within ten days of the date of this Order. It is

FURTHER ORDERED that Mr. Stine is restricted from filing any further pleadings

3

or motions in this action, including a reply to the statement provided by the Warden or appropriate prison staff.

DATED August 4, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01652-BNB

Mikeal Glenn Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

Blake Davis, Warden – **CERTIFIED**
ADX – Florence
5880 State Hwy. 96 South
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER to the above-named individuals and a COPY OF DOCUMENT 16, AND DOCUMENT 17 to Blake Davis only** on 8/4/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk